51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joan DANIELSON, Plaintiff-Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE; Lloyd M. Bentsen,
Secretary of the Treasury, Defendants-Appellees.
 No. 94-16168.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 28, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joan Danielson appeals pro se the district court's order dismissing for failure to prosecute her two consolidated actions alleging sex and age discrimination under Title VII and the Age Discrimination in Employment Act and various due process claims. Danielson also appeals the district court's order denying her motion pursuant to Fed.R.Civ.P. 60(b) to set aside the judgment of dismissal.
 
 BACKGROUND
 
 3
 On January 6, 1989, Danielson filed with the district court a complaint (89-0044) against the Internal Revenue Service under Title VII claiming that the Agency's failure to hire her as an Internal Revenue agent in 1987 was the result of age or sex discrimination or reprisal based on her previous filing of an employment discrimination claim against her former employer. The record revealed that Danielson never served the complaint nor took any action to prosecute her case for over one year. The district court dismissed the action with prejudice sua sponte for failure to prosecute on May 15, 1990.
 
 
 4
 On September 4, 1990, Danielson filed a second complaint naming all of the individuals she encountered in her IRS job interview, in her proceedings before the regional EEO Office of the Treasury, and in her proceedings before the Equal Employment Opportunity Commission (90-2534). On March 30, 1991, the district court granted the defendants' motions to dismiss and/or for summary judgment. The district court ruled that Danielson had failed to state a claim for which relief can be granted against the EEOC and the administrative law judge. As to the remaining defendants, the district court relied on the res judicata effect of its dismissal with prejudice of Danielson's first complaint (89-0044), which the district court found substantially identical to her second complaint.
 
 
 5
 This court reviewed the dismissal of both actions in consolidated appeals 90-15804 and 91-15607. In a memorandum opinion filed January 25, 1993, this court held that Danielson's delay in prosecuting 89-0044 was unreasonable, but remanded to the district court "to establish a proper record" as to whether the district court considered less drastic sanctions and gave Danielson the requisite advance notice of dismissal. As to 90-2534, this court affirmed the district court's dismissal of the claims against the EEOC and the administrative law judge, but remanded the complaint as to the remaining defendants given that the district court's reliance on the res judicata effect of the dismissal of 89-0044 was no longer tenable in light of the vacation of the dismissal of 89-0044. The mandate was issued on August 31, 1993. Judge John Vukasin, who had presided over (and dismissed) both actions, died shortly after remand, and the cases were reassigned to Judge Fern Smith.
 
 
 6
 On March 29, 1994, defendants moved to dismiss 89-0044 and 90-2534 for failure to prosecute. The district court granted the motion and dismissed both actions with prejudice.
 
 DISCUSSION
 
 7
 We review for abuse of discretion both the dismissal for failure to prosecute, see In re Eisen, 31 F.3d 1447, 1451 (9th Cir.1994), and the denial of the motion to set aside the judgment pursuant to Fed.R.Civ.P. 60(b). See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993).
 
 
 8
 Both this court in the prior appeal and the district court, on remand, concluded that Danielson unreasonably delayed in prosecuting 89-0044 prior to the first appeal. After having been given the requisite notice on remand, Danielson still failed to provide an adequate explanation for the delay. The district court properly concluded that the "failure to prosecute" rationale controls the disposition of the largely identical 90-2534. The district court also considered sanctions less drastic than dismissal, as required. See id. at 1452. In these circumstances, the district court did not abuse its discretion in concluding that Danielson's post-remand efforts were "too little, too late" and in dismissing the two actions for failure to prosecute. Nor did the district court abuse its discretion in denying Danielson's Rule 60(b) motion to set aside the judgment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3